TINKOFF et al. v. WEST PUBLISHING CO. et al.

No. 8878.

Circuit Court of Appeals, Seventh Circuit.

Dec. 3, 1945.

Rehearing Denied Feb. 8, 1946.

Paysoff Tinkoff, of Chicago, Ill., for appellants.

Joseph G. Hagstrom and John E. Baker Jr., both of Chicago, Ill. (Baker, Holder & Hagstrom, of Chicago, Ill., of counsel), for appellees.

Before EVANS, SPARKS and MAJOR, Circuit Judges.

PER CURIAM.

Plaintiff appeals from an order entered January 30, 1945, denying his motion to

"vacate the order of dismissal entered on August 28, 1942, and the order denying the motion to vacate entered on September 28, 1942 due to fraud being practiced upon this Court."

An appeal from the original order of dismissal was dismissed by this court on October 26, 1943, because not taken in time. 7 Cir., 138 F.2d 607. The facts as stated there disclose an attempted appeal from orders of August 28, 1942, and September 28, 1942, by a notice of appeal filed January 2, 1943.

It is plaintiff's contention that inasmuch as he filed a petition for leave to proceed in forma pauperis on December 24, 1942, which day was within the three months' period for appeal, his appeal was timely, even though the petition was subsequently denied (after two continuances) January 4, 1943. Pending the consideration of this petition to proceed as a pauper, Tinkoff actually filed a notice of appeal and paid the costs therefor, on January 2, 1943, which was however more than three months from the date of entry of either order. Between the time of the first argument and this court's opinion (October 11 and October 26, 1942, respectively), the District Court, on October 14, granted Tinkoff's motion that the appeal be filed nunc pro tunc as of December 24, 1942 (the date of filing of the petition to proceed as a pauper).

■ Plaintiff argues that defendants' counsel committed a fraud on the court when it moved in this court for a dismissal of appeal. Our records disclose the motion to dismiss the appeal was invoked at the court's own instance, not on motion of counsel.

■ Irrespective of whether a pauper's petition filed within the three months is a sufficient basis upon which to predicate a nunc pro tunc order predating a notice of appeal actually filed on January 2, 1943 to December 24, 1942, we are convinced there is no fact showing sufficient to warrant the nunc pro tunc predating. As an added reason there was an abandonment of the petition for leave to prosecute the appeal as a pauper, by the voluntary payment, subsequent to the three month period, of the filing fees for the appeal.

We find no basis for the argument that a fraud was perpetrated upon the trial court or upon plaintiff by the defendants' counsel. It is immaterial that defendants' counsel stated he was objecting to the nunc pro tunc order not on the ground that it was but a few days late, but that plaintiff had not appealed from the final order but from the order refusing to vacate the final order. In this court defendants apparently stood by their word and did not raise the issue that appeal was too late. It was this court, on its own motion, which dismissed the appeal because it was without jurisdiction.

The trial court correctly denied the motion to vacate the August and September, 1942, orders for the reason that no fraud was practiced either upon the court or upon plaintiff's counsel.

The judgment is affirmed.